```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
MARY WEST and PATRICIA DIAMOND, on                         :
behalf of themselves and all others similarly              :
situated,                                                  :
                                                           :
                               Plaintiffs,                 :     15-CV-2845 (JPO)
                                                           :
             -v-                                           :     OPINION AND ORDER
                                                           :
FIVE GUYS ENTERPRISES, LLC,                                :
                               Defendant.                  :
-----------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

      Mary West and Patricia Diamond filed this action on April 13, 2015, against Five Guys Enterprises, alleging that Five Guys discriminated against them in violation of the Americans with Disabilities Act (ADA) and New York state law. (Dkt. No. 1.) West and Diamond, who are legally blind, allege that Five Guys, a fast food chain, provides soda through "Freestyle" Coca-Cola machines that are inaccessible to the blind. (Dkt. No. 16.) On August 24, 2015, Defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 17.) For the following reasons, the motion is granted. Today, the Court also reaches the same conclusion on substantially the same grounds in another case, *Dicarlo v. Walgreens Boot Alliance, Inc.*, No. 15-CV-2919.

      Dismissal under Rule 12(b)(6) is proper when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, "a court must accept as true all of the [factual] allegations contained in the complaint" and "[d]etermin[e] whether [it] states a plausible case for relief." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)

(quoting *Iqbal*, 556 U.S. at 678-79); *see Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014) (per curiam).

Plaintiffs primarily allege that Five Guys violated Title III of the ADA. The parties agree that Plaintiffs are disabled within the meaning of the ADA, and that Five Guys is a place of public accommodation within the meaning of Title III, but dispute whether Five Guys satisfied the ADA's "auxiliary aids and services" requirement. *See* 42 U.S.C. § 12182(b)(2)(A)(iii). Under that provision, public accommodations must provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); *see Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

Plaintiffs allege that they visited a Five Guys location, bought a soda, asked for assistance using the Freestyle machine, and did not receive it.[1] (Dkt. No. 16 ¶¶ 21, 58.) They argue that the ADA requires installation of technology allowing them to use the machine independently, or alternatively the assistance of a qualified Five Guys employee. A judge of this district recently considered nearly identical allegations and claims by the same plaintiffs, regarding their visit to a different restaurant chain. *See West v. Moe's Franchisor, LLC*, No. 15cv2846, 2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015). This Court agrees with Judge Pauley's persuasive opinion in that case. Although the ADA does not necessarily require Five Guys to use technology that

---

[1] Five Guys also argues that Plaintiffs lack standing because they were not actually denied an auxiliary aid or service, and so were not injured in fact. *See, e.g., Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*, 2013 WL 3762882, at *1 (S.D.N.Y. July 18, 2013) (Oetken, J.) (describing the requirements for standing). The Complaint adequately pleads that Plaintiffs were injured when denied assistance by an employee at a Five Guys location. Insofar as Five Guys argues Plaintiffs were not injured because the ADA does not entitle Plaintiffs to relief under these facts, that argument implicates the validity of Plaintiffs' cause of action, not the court's subject-matter jurisdiction. *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 n.4 (2014). Nor is the case moot because the Defendants have offered auxiliary aids and services at one Five Guys location, since the Complaint is aimed at Five Guys generally, rather than one store. (Dkt. No. 19.)

allows Plaintiffs to operate the machine independently, Five Guys must effectively communicate with Plaintiffs such that they can enjoy the Freestyle machine. *See id.* at *2-3; *see also Camarillo*, 518 F.3d at 157 ("While restaurants are not necessarily required to have on hand large print menus that [plaintiff] would be able to read, they are required to ensure that their menu options are effectively communicated to individuals who . . . are legally blind."); 28 C.F.R. § 36.303(c)(1)(ii) ("[T]he ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication.").

Five Guys, accordingly, must provide assistance to Plaintiffs in operating the Freestyle machine. Plaintiffs allege that they were denied such assistance on one occasion. (Dkt. No. 16 ¶¶ 21, 58.) The ADA, however, does not "regulate individuals' conduct so as to ensure that they will never be rude or insensitive to persons with disabilities." *Camarillo*, 518 F.3d at 157 (internal quotation marks and citation omitted). If Plaintiffs alleged that they were denied assistance repeatedly at Five Guys locations, they would state an ADA claim. *Id.* at 154-57. From one "isolated incident," however, "no reasonable inference can be drawn that [Five Guys] fails to train its employees to provide effective auxiliary aids and services." *West*, 2015 WL 8484567, at *4; *see Stephens v. Shuttle Assocs., LLC*, 547 F. Supp. 2d 269, 278 (S.D.N.Y. 2008); *cf. Gomez v. Dade Cty. Fed. Credit Union*, 610 F. App'x 859, 864-65 (11th Cir. 2015). The ADA claim is therefore dismissed.

The complaint asserts three remaining claims, each of which is unsuccessful. Plaintiffs seek relief under New York's state and city human rights laws. The parties agree that the New York State Human Rights Law claim rises or falls with the ADA claim. *See Krist v. Kolombos Rest., Inc.*, 688 F.3d 89, 97 (2d Cir. 2012). The New York City Human Rights Law "provides somewhat broader rights" than the ADA and requires "independent liberal construction." *Id.* at 97 (internal quotation marks and citation omitted). Though there are differences between the

statutes, such as the definition of disability, "the Court has not found—and the parties have not identified—any relevant difference between the analysis required by the NYCHRL and the analysis required by the federal laws of the question at issue here." *Brooklyn Ctr. for Independence of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 643 (S.D.N.Y. 2013) (Furman, J.). Accordingly, the state and city law claims are dismissed as well. Finally, Plaintiffs' claim for declaratory relief under the above statutes is dismissed for substantially the same reasons.

The motion to dismiss is GRANTED. As Plaintiffs may be able to plead factual allegations that would survive a motion to dismiss, they are granted leave to amend the complaint within 30 days of the date of his order. The Clerk of Court is directed to close the motion at docket number 17.

SO ORDERED.

Dated: February 5, 2016
      New York, New York

                                                        _____
                                                               J. PAUL OETKEN
                                                          United States District Judge